Filed 7/2/26  P. v. Miller CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086510 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN450110) |
| MARSHAWN BOYD MILLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel F. Link, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from a judgment after a jury trial.  The charges arise from a confrontation with an Oceanside park ranger and several police officers who tried to get Marshawn Boyd Miller to leave a city park after hours, which efforts Miller violently resisted.  A jury convicted Miller of two counts of forcibly resisting an executive officer (Pen. Code, § 69).  Miller

admitted a serious felony prior conviction and a strike prior, (§ 667, subd. (a) and 667, subds. (b)-(i)).

The court sentenced Miller to a determinate term of seven years four months, considering the strike prior.

Miller filed a timely notice of appeal.

Appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We notified Miller of his right to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

Appellate counsel has submitted a summary of the facts which we find helpful in reviewing this case. We will include the summary here for background.

At around 2:40 a.m. on December 8, 2023, Oceanside park security guards encountered six to 10 individuals on a wooden landing inside Tyson Park. They were told that the park was closed between 6:00 p.m. and 6:00 a.m. and that they needed to find somewhere else to hang out. Most of them left but there were two individuals, Miller and a female companion, who remained on the landing. The woman was apparently trying to sleep and Miller was seated on a bench. The two did not comply with the orders to leave the park. The guards decided to give Miller some space so that he could gather up their possessions and move to the parking lot. However, after being unsuccessful with repeated attempts to get the two to leave the park, they were informed that police would be called if they did not leave. Oceanside police were subsequently summoned for assistance.

2

Oceanside police officers Johann Ravesi and Bernardo Romero responded and spoke to the security guards about the two individuals who refused to leave the park. Miller was wearing a bulky winter-weight full length trench coat and had a hat covering his face. He sat hunched over on the bench and would not look up or identify himself. After the woman eventually gathered her possessions, the officers escorted her out of the park. Miller told the uniformed police officers that he did not want to give his back up to them or turn his back to the police. He was informed that the law did not allow him to be in the park at that time of night. He was given the choice that he could leave or could be arrested for trespassing. When a third officer, Luke Sheehy, arrived and tried to reason with Miller he told the officers, "If you touch me, you're going to have to kill me." After about 10 minutes of not getting any compliance with their repeated orders to leave the park and taking his statement as an indication of "a pre-assaultive cue," it was decided to place Miller under arrest. Sheehy took a hold of Miller's right arm and Romero grabbed his left. Miller stood up and began twisting and thrashing around. Romero yelled out, "He has a knife." Raversi fired a taser into the back of Miller's trench coat. Possibly because of the multiple layers of clothing Miller had on the taser was judged to have been "minimally effective." Romero used all his strength to secure Miller's left hand that held the knife with the blade exposed. He received a cut on his wrist in the process.[1] Sheehy pulled out a gun and ordered Miller to drop the knife. Miller replied that he had. The knife was later located across the platform under a bench. Miller was told to stay on the ground or he would be shot. Miller pointed to his forehead and said, "Shoot me right here." He was hit with another taser dart, this time through an opening in the front of the

[1]     Romero testified that the cut was such that it did not require any treatment.

trench coat. He dropped to the ground and rolled on to his stomach. Miller then put his hands underneath him and held them there with such force that Sheehy had to use his baton to pry Miller's arms free from under his body. It took the officers 30 seconds, with Miller screaming the whole time, to get his hands out from under him in order to place handcuffs on them.

## DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review and in compliance with *Anders v California* (1967) 386 U.S. 738 (*Anders*) counsel has identified three possible issues that were considered in evaluating the potential merits of this appeal.

Whether there is sufficient evidence in the record to meet Miller's contention the police did not identify themselves adequately.

Whether there was sufficient evidence to show the exact location of the encounter was in the city park.

Whether the 30-second encounter with police was sufficient to elevate resisting attest to a felony offense.

We have independently reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Miller in this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:

KELETY, Acting P. J.

RUBIN, J.

---

*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.